IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

KENNETH W. CAMP,                        )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        CIVIL ACTION NUMBER:
                                        )
BI-LO, LLC,                             )
                                        )
        Defendant.                      )

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Bi-Lo, LLC, ("Bi-Lo" or "Defendant"), appearing specially so as to preserve any and all defenses under Rule 12 of the Federal Rules of Civil Procedure, hereby removes case number CV-13C575 from the Circuit Court of Hamilton County, Tennessee, where it is now pending, to the United States District Court for the Eastern District of Tennessee, Chattanooga Division. As grounds for its removal, Bi-Lo states as follows:

### I.   SERVICE AND TIMELINESS OF REMOVAL

1.      Plaintiff filed the present action on or about April 22, 2013, in the Circuit Court of Hamilton County, Tennessee (Civil Action No. CV-13C575) against Bi-Lo.

2.      Bi-Lo was served with the Summons and Complaint on April 30, 2013. A true and correct copy of all process, pleadings and papers served on Defendant in the state court action are attached hereto as Exhibit 1, including the Summons and Complaint, and are incorporated herein by reference. *See* 28 U.S.C. § 1446(a). Bi-Lo has not pled, answered or otherwise appeared in the state court action.

3.     This Complaint constitutes a civil action within the meaning of the Acts of Congress governing the removal of cases from a state court to a federal district court.

4.     This Notice of Removal is timely because it is filed within thirty (30) days after service of plaintiff's Complaint as required by 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 357-59 (1999) ("[A] named defendant's time to remove is triggered by the simultaneous service of the summons and complaint . . . .").

5.     This Notice of Removal is filed within the district and division in which the state court action is pending. *See* 28 U.S.C. § 1446(a).

6.     In accordance with 28 U.S.C. § 1441, Bi-Lo gives notice of the removal of this action from the Circuit Court of Hamilton County, Tennessee to the United States District Court of the Eastern District of Tennessee, Chattanooga Division.  A copy of this Notice is attached hereto as Exhibit 2.

7.     Pursuant to 28 U.S.C. § 1446(d), Bi-Lo has served its Notice of Removal on all parties by U.S. Mail, and Bi-Lo has filed by U.S. Mail this Notice with the Clerk of the Circuit Court of Hamilton County, Tennessee.

## II. PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION

8.     Plaintiff's Complaint is a civil action that is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the

Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

9. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

10. Plaintiff Kenneth W. Camp was an employee of Bi-Lo in Hamilton County, Tennessee. In his Complaint, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). Compl., ¶¶ 9, 79-86, 93-99.

11. Because Plaintiff alleges violations of the ADA and the ADEA on the face of his Complaint, and because those are federal laws, Plaintiff's claims fall under federal question jurisdiction and therefore are subject to removal to federal court. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the "well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his or her claim). *See also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).

12. Accordingly, removal is proper under 28 U.S.C. §§ 1441 and 1446, as Plaintiff clearly alleges on the face of his Complaint that his claims arise under the ADA and the ADEA. *See* Exhibit A.

WHEREFORE, Defendant Bi-Lo, LLC, respectfully requests that the United States District Court for the Eastern District of Tennessee, Chattanooga Division, accept the removal of this action from the state court and direct that the Circuit Court of Hamilton County, Tennessee have no further jurisdiction of this matter unless and until this case is remanded.

Dated this 29th day of May, 2013.


Respectfully submitted,


*s/ Yvonne N. Maddalena*
Thomas A. Davis (*pro hac* to be filed)
DavisT@jacksonlewis.com
Direct Dial: 205-332-3101
Yvonne N. Maddalena (BPR # 026734)
Phone: (205) 332-3118
Yvonne.Maddalena@jacksonlewis.com
**Jackson Lewis LLC**
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209
Facsimile: 205-332-3131
**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of May, 2013, a true and correct copy of the foregoing has been served via U.S. Mail & Email, as follows:

Stephen S. Duggins
7446 Shallowford Road, Suite 202
Chattanooga, TN 37421
sduggins@sdblawfirm.com


*s/ Yvonne N. Maddalena*
Counsel of Record

# EXHIBIT 1

# State of Tennessee

## In the Circuit Court of Hamilton County

FILED IN OFFICE
2013 APR 22 PM 2:44
PAULA T. THOMPSON, CLERK
C.C.
DC
SERVICE

Kenneth W. Camp
_____
Plaintiff

No. 13C575

Bi-Lo, LLC
_____
Defendant

# SUMMONS

**TO:** Bi-Lo, LLC c/o Registered Agent Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

| Defendant | Address |
|-----------|---------|
| Defendant | Address |
| Defendant | Address |

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this _22_ day of _April_ , 20 _13_

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Paula T. Thompson, Circuit Court Clerk

By _____
Deputy Circuit Court Clerk

**Attorneys for Plaintiff** Stephen S. Duggins

7446 Shallowford Rd., Ste. 202, Chattanooga, TN 37421
Address

**Plantiff's Address** _____

Received this _____ day of _____ , 20 ____

/S/ _____
Deputy Sheriff

ADA COORDINATOR, FOR ASSISTANCE CALL (209-6120

# State of Tennessee,
## County of Hamilton

I, Paula T. Thompson, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

Paula T. Thompson, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20 _____, I delivered a copy of the summons and complaint to the defendant, _____

_____

☐ Failed to serve this summons within 30 days after its issuance because: _____

_____

**William H. (Billy) Long, Sheriff**

_____
Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____ 20 _____.

_____
Defendant

Paula T. Thompson, Circuit Court Clerk

By _____ D.C.

### Notice to Defendant(s)

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items by seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

KENNETH W. CAMP,

    Plaintiff,

V.

BI-LO, LLC

    Defendant.

Case No.

Div. _____ 13C575

Jury Demanded

## COMPLAINT

Plaintiff Kenneth W. Camp ("Mr. Camp") states the following as his complaint against BI-LO, LLC ("Bi-Lo").

### IDENTIFICATION OF PARTIES

1.     Mr. Camp is an individual who formerly worked for Bi-Lo in Hamilton County, Tennessee.

2.     Bi-Lo is a business entity that operates numerous grocery stores, including grocery stores located in Hamilton County, Tennessee.

3.     Bi-Lo is a successor entity to a grocery store chain known as Red Food or Red Food Stores.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this case because it involves a claims of disability discrimination or, in the alternative, age discrimination.

5.     This Court has personal jurisdiction over the defendant because the defendant operates grocery stores in Hamilton County, Tennessee.

6.     Bi-Lo may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

1

Case 1:13-cv-00176-CHS   Document 1   Filed 05/29/13   Page 8 of 23   PageID #: 8

7.    Venue is proper in this Court because the acts at issue occurred in Hamilton County, Tennessee, the causes of action arose in Hamilton County, Tennessee, and the defendant is found in Hamilton County, Tennessee.

## FACTUAL BACKGROUND

8.    Mr. Camp worked for Bi-Lo or its predecessor entity, Red Food or Red Food Stores, from approximately 1974 until April 24, 2012.

9.    At all times while Mr. Camp worked for Bi-Lo, he was an "employee" for purposes of the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Tennessee Human Rights Act, and the Tennessee Handicap Act.

10.    Upon information and belief, Bi-Lo has thousands of employees.

11.    At all times while Mr. Camp worked for Bi-Lo, Bi-Lo was an "employer" for purposes of the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Tennessee Human Rights Act, and the Tennessee Handicap Act.

12.    Mr. Camp is 62 years of age.

13.    Although official titles and shifts may have varied, Mr. Camp generally worked as a stock clerk for Red Food or Bi-Lo during his approximately 37 or 38 years of service to the grocery store.

14.    During the time of his service to Bi-Lo in 2012, Mr. Camp was working at the Bi-Lo grocery store on East Brainerd Road in Chattanooga, Tennessee (the "East Brainerd Bi-Lo").

15.    During the time of his service to Bi-Lo in 2012, Mr. Camp was working as a stock clerk during the night shift.

16.    Mr. Camp has had a back problem for many years.

2

17. Mr. Camp's back impairment substantially limits one or more of his major life activities.

18. Mr. Camp's back impairment limits his lifting ability.

19. Mr. Camp's back impairment constitutes a disability.

20. Bi-Lo regarded Mr. Camp as disabled on April 24, 2012.

21. Despite his disability, Mr. Camp was able to consistently and satisfactorily work as a stock clerk for Bi-Lo.

22. Mr. Camp was qualified to perform the essential functions of his position at Bi-Lo.

23. For years, Mr. Camp's disability and lifting limitations were accommodated by Bi-Lo.

24. While working as a stocking clerk, Mr. Camp did not work alone but rather worked as part of a team.

25. A stock clerk position naturally involves lifting because a stock clerk is regularly moving merchandise from one location to another, including unloading merchandise and placing merchandise on shelves for display and sale to customers.

26. While working on the stock clerk team, Mr. Camp was able to lift the vast majority of products or merchandise that needed to be moved or transported.

27. Because of his disability, Mr. Camp was unable to lift a small percentage of the products or merchandise that his stock team needed to move.

28. For years, Mr. Camp's disability was accommodated through the simple mechanism of less senior employees on the stock team lifting the small percentage of items that Mr. Camp was unable to lift.

3

29.    While other employees on the stock team would lift the small percentage of items that Mr. Camp was unable to lift, Mr. Camp would continue working by moving and lifting other items that also needed to be transported or lifted.

30.    Despite Mr. Camp's satisfactory work performance for years and Bi-Lo's accommodation of Mr. Camp's disability for years, Bi-Lo suddenly stopped accommodating Mr. Camp on April 24, 2012.

31.    The end of Bi-Lo's accommodation of Mr. Camp's disability was not connected to any change in Mr. Camp's ability or disability.

32.    Likewise, the end of Bi-Lo's accommodation of Mr. Camp's disability was not connected to any change in the nature of the accommodation Mr. Camp needed.

33.    Rather, Mr. Camp's disability during the months and years leading up to April 24, 2012 was the same as it was when Bi-Lo stopped accommodating Mr. Camp on April 24, 2012.

34.    Similarly, the limitations on Mr. Camp's ability to lift during the months and years leading up to April 24, 2012 were the same as they were when Bi-Lo stopped accommodating Mr. Camp on April 24, 2012.

35.    Likewise, the accommodation that Mr. Camp needed during the months and years leading up to April 24, 2012 was the same as it was when Bi-Lo stopped accommodating Mr. Camp on April 24, 2012.

36.    In earlier April of 2012, the East Brainerd Bi-Lo manager asked Mr. Camp if he had a back problem.

37.    Mr. Camp acknowledged the back problem and further explained that if something was too heavy, one of the other guys would lift it.

4

38.     On that day, the manager did not prevent Mr. Camp from working but left Mr. Camp's employment status as it was.

39.     The manager later came back and told Mr. Camp that he would have to take a medical test to evaluate Mr. Camp's lifting abilities.

40.     The test that the manager was telling Mr. Camp to take was extensive and would last approximately three hours.

41.     Mr. Camp attempted to make arrangements for the lifting test, but the cost was approximately $500 to $600.

42.     Mr. Camp did not have sufficient money to obtain the lifting test.

43.     Mr. Camp told the store manager of the cost of the lifting test and his inability to pay for it.

44.     The manager kept trying to convince Mr. Camp that his insurance would pay for the lifting test and that Mr. Camp would only have to pay a small deductible.

45.     The manager was wrong about Mr. Camp's insurance paying for the test.

46.     Mr. Camp continued to tell his manager that his insurance would not pay for the test and that he couldn't afford to get the test.

47.     The manager told Mr. Camp that he could not afford not to get the test.

48.     Bi-Lo refused to pay for the test that it was requiring Mr. Camp to take.

49.     Mr. Camp was also told that he would have to have a doctor's clearance to lift 60 pounds in order to continue working for Bi-Lo.

50.     On April 24, 2012, at the end of Mr. Camp's April 23-24 shift, the manager and a human resources manager met with Mr. Camp.

5

51.     Mr. Camp was told that he would not be allowed to come back to work unless he received a doctor's authorization to lift at least 60 pounds.

52.     Mr. Camp was told that Bi-Lo policy required that he be able to lift 60 pounds.

53.     In the approximately 37 or 38 years that Mr. Camp worked for Bi-Lo prior to April of 2012, Mr. Camp had never been advised of any policy or requirement for Mr. Camp to be able to lift at least 60 pounds.

54.     During the April 24, 2012 meeting, Mr. Camp was told that he was not being terminated but that he was being required to go on short term disability and that at the end of the short term disability period he would be allowed to receive unemployment.

55.     Mr. Camp knew that he would not be able to lift 60 pounds.

56.     Mr. Camp had been able to perform his job satisfactorily for years without lifting 60 pounds.

57.     There was no change in the nature of the job which increased lifting requirements.

58.     Mr. Camp had never before been told that his job required him to be able to lift 60 pounds.

59.     There was no change in the nature of the job which prevented Bi-Lo from being able to continue offering Mr. Camp the same accommodation it had been providing Mr. Camp for years.

60.     Bi-Lo nevertheless decided on or about April 24, 2012—or perhaps shortly before that depending on the time lapse between the decision and the date of announcement of the decision to Mr. Camp—that it would not provide any accommodation to Mr. Camp and would insist that he be able to lift 60 pounds in order to continue working.

6

61.     At the end of his short term disability, Mr. Camp reported back to work, but Bi-Lo again refused to allow Mr. Camp to work.

62.     Mr. Camp was never able to obtain the medical lifting test required by Bi-Lo because Mr. Camp did not have the money pay for the test and Bi-Lo refused to pay for it.

63.     Mr. Camp nevertheless acknowledges that even if he had been able to obtain the test, he would not have been able to receive a doctor's release to lift 60 pounds.

64.     Mr. Camp has never received a notice of termination, but at the same time, neither has Bi-Lo allowed Mr. Camp to return to work since April 24, 2012.

65.     Neither has Bi-Lo offered Mr. Camp any accommodation of his disability since April 24, 2012.

66.     Mr. Camp could have continued working at Bi-Lo after April 24, 2012 if Bi-Lo had continued to provide Mr. Camp with the same disability accommodation that Bi-Lo provided Mr. Camp prior to April 24, 2012.

67.     Mr. Camp does not know how Bi-Lo presently classifies Mr. Camp, whether as an employee on leave, a terminated employee, or otherwise.

68.     Regardless of how Bi-Lo classifies Mr. Camp, Bi-Lo continues to refuse to provide Mr. Camp with any accommodation of his disability and continues to refuse to allow Mr. Camp to work.

69.     In the event that Bi-Lo has not "officially" terminated Mr. Camp's employment, Bi-Lo has constructively discharged Mr. Camp from his employment.

70.     Upon information and belief, Bi-Lo has replaced Mr. Camp with an employee who is not regarded as disabled and who is younger than Mr. Camp.

7

71.     Bi-Lo wrongfully discriminated against Mr. Camp because of his disability by terminating his employment or by constructively discharging him.

72.     Bi-Lo wrongfully discriminated against Mr. Camp because of his disability by refusing to accommodate his disability.

73.     In the alternative, Bi-Lo discriminated against Mr. Camp because of his age.

74.     Mr. Camp has been injured and damaged as a proximate result of Bi-Lo's refusal to accommodate his disability.

75.     Mr. Camp has been injured and damaged as a proximate result of Bi-Lo's termination of his employment or constructive discharge.

76.     Mr. Camp has been injured and damaged as a proximate result of Bi-Lo's wrongful discrimination.

77.     The injuries and damages sustained by Mr. Camp included lost income as well as emotional damages.

78.     Mr. Camp has submitted a charge of discrimination to the EEOC.

COUNT 1 – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

79.     All preceding allegations are adopted and incorporated by reference as if fully restated herein.

80.     Bi-Lo's refusal to accommodate Mr. Camp's disability constituted disability discrimination in violation of the Americans With Disabilities Act.

81.     Bi-Lo's termination of Mr. Camp's employment and/or its constructive discharge of Mr. Camp constituted disability discrimination in violation of the Americans With Disabilities Act.

8

82. Bi-Lo's refusal to pay for medical testing that Bi-Lo required for Mr. Camp constituted a violation of the Americans With Disabilities Act.

83. Bi-Lo's violations were willful and intentional.

84. Mr. Camp was injured and damaged as a proximate result of Bi-Lo's wrongful and discriminatory acts.

85. Bi-Lo is liable to Mr. Camp for the damages he sustained.

86. Bi-Lo is also liable to Mr. Camp for punitive damages.

### COUNT 2 -- VIOLATION OF THE TENNESSEE HANDICAP ACT

87. All preceding allegations are adopted and incorporated by reference as if fully restated.

88. Bi-Lo's acts and omissions as described above also constituted a violation of the Tennessee Handicap Act.

89. Bi-Lo's violations were willful and intentional.

90. Mr. Camp was injured and damaged as a proximate result of Bi-Lo's wrongful and discriminatory acts.

91. Bi-Lo is liable to Mr. Camp for the damages he sustained.

92. Bi-Lo is also liable to Mr. Camp for punitive damages.

### COUNT 3 – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

93. All preceding allegations are adopted and incorporated by references as if fully restated herein.

94. In the alternative, Bi-Lo's refusal to accommodate Mr. Camp and its termination of Mr. Camp's employment or constructive discharge of Mr. Camp was based on Mr. Camp's age.

9

95. Bi-Lo's actions constituted age discrimination in violation of the Age Discrimination in Employment Act.

96. Bi-Lo's violations were willful and intentional.

97. Mr. Camp was injured and damaged as a proximate result of Bi-Lo's wrongful acts.

98. Bi-Lo is liable to Mr. Camp for the damages he sustained.

99. Bi-Lo is also liable to Mr. Camp for punitive damages.

COUNT IV – VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

100. All preceding allegations are adopted and incorporated by references as if fully restated herein

101. Bi-Lo's actions constituted age discrimination in violation of the Tennessee Human Rights Act.

102. Bi-Lo's violations were willful and intentional.

103. Mr. Camp was injured and damaged as a proximate result of Bi-Lo's wrongful acts.

104. Bi-Lo is liable to Mr. Camp for the damages he sustained.

105. Bi-Lo is also liable to Mr. Camp for punitive damages.

WHEREFORE, Plaintiff Kenneth Camp prays as follows:

A. That process issue and that the Defendant be required to answer this complaint within the time provided by law;

B. That a jury be empaneled to try this cause;

C. That Mr. Camp be awarded compensatory damages in an amount to be proven at trial and not to exceed $250,000;

10

D. That Mr. Camp be awarded punitive damages in an amount not to exceed $250,000;

E. That Mr. Camp be awarded its reasonable attorney fees and litigation expenses;

F. That all costs be taxed against the Defendant;

G. That Mr. Camp be awarded pre-judgment and post-judgment interest; and

H. That this Court provide Mr. Camp such other legal and equitable relief as it deems proper and appropriate.

This the 22nd day of April, 2013.

Respectfully submitted,

(Stephen S. Duggins, #13222)
7446 Shallowford Road, Suite 202
Chattanooga, TN 37421
423/899-3025 (o)
423/899-3029 (f)
sduggins@sdblawfirm.com
Counsel for Plaintiff Kenneth Camp

11

IN THE CIRCUIT COURT FOR HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| KENNETH W. CAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13C575 |
| V. | ) |
| | ) Div. ____ |
| BI-LO, LLC | ) |
| | ) Jury Demanded |
| Defendant. | ) |

FILED IN OFFICE
2013 APR 22 PM 2:44
PAUL T. THOMPSON, CLERK
BY _____ DC

## COST BOND

I hereby acknowledge and bind myself for the payment of all non-discretionary costs that may be adjudged herein against Kenneth Camp, the principal, in the event that the principal does not pay them.

Witness my hand this 22nd day of April, 2013.

Respectfully Submitted,

(Stephen S. Duggins, #13222)
7446 Shallowford Road, Suite 202
Chattanooga, TN 37421
423/899-3025 (o)
423/899-3029 (f)
Counsel for Kenneth Camp



LAW OFFICE OF SCOTT D. BERGTHOLD, P.L.L.C.

7446 Shallowford Road, Suite 202
Chattanooga, TN 37421
www.sdblawfirm.com

RETURN RECEIPT REQUESTED

Bi-Lo, LLC
c/o Registered Agent Corporation Service Co.
2908 Poston Avenue
Nashville, TN 37203-1312



7006 1630 0002 1670 8041

U.S. POSTAGE PAID
CHATTANOOGA, TN
APR 22 '13
AMOUNT
$6.97
00050099-09

UNITED STATES POSTAL SERVICE
1000
37203

# EXHIBIT 2

# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

KENNETH W. CAMP,  )
                              )
      Plaintiff,  )
                              )
v.  )       **CIVIL ACTION NUMBER**
                              )       CV-13C575
BI-LO, LLC,  )
                              )
      Defendant.  )

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

TO:    Circuit Court of Hamilton County, Tennessee
          500 Courthouse
          625 Georgia Avenue
          Chattanooga, TN 37402

Please take notice that defendant Bi-Lo, LLC, filed its Notice of Removal, a copy of which is attached hereto (without Exhibits), in the office of the Clerk of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, on May 29th, 2013.

Respectfully submitted,

_____
Thomas A. Davis (pro hac to be filed)
DavisT@jacksonlewis.com
Direct Dial: 205-332-3101
Yvonne N. Maddalena (BPR # 026734)
Phone: (205) 332-3118
Yvonne.Maddalena@jacksonlewis.com
**Jackson Lewis LLC**
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209
Facsimile: 205-332-3131
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of May, 2013, a true and correct copy of the foregoing has been served via U.S. Mail and E-mail, as follows:

Stephen S. Duggins
7446 Shallowford Road, Suite 202
Chattanooga, TN 37421
sduggins@sdblawfirm.com

_____
Counsel of Record